UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
WILLOUGHBY DOUGLAS and LOVECORA
DOUGLAS,

                Plaintiffs,                  **COMPLAINT**

vs.

                                        7:24-cv-03030

WALMART, KELLY G. MOORER, JR.,
RORY J. MEYER, RACHEL BITJEMAN,
TIM KAUTZ,

                Defendants.
-------------------------------------------------------------x

By and through their counsel, Michael Sussman, plaintiffs complain of defendants as follows:

## I. PARTIES

1. Plaintiff Willoughby Douglas is an adult of legal age who resides in Kings County, New York.

2. Plaintiff Lovecora Douglas is an adult of legal age who resides in Kings County, New York.

3. In July 2023, plaintiffs owned and operated a restaurant in the Village of Monticello, New York.

4. Defendant Walmart, Inc. is a corporation doing business in the State of New York and operates a store in the Town of Thompson, within this judicial district.

5. In July 2023, defendant Kelly G. Moorer, Jr. was an employee and agent of Walmart's store located in the Town of Thompson.

6. In July 2023, defendants Rory J. Meyer, Rachel Bitjeman and Tim Kautz were each employed as deputy sheriffs by the Sullivan County Sheriff's Department and the acts and omissions attributed to each herein were engaged in under color of state law.

1

## II. JURISDICTION AND VENUE

7. As defendants, acting jointly violated the rights of both plaintiffs to be free from unlawful arrest, and, in the case of WD, the excessive use of force, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331 and 1343 and 42 U.S.C. Secs. 1983 and 1988. 28 U.S.C. Sec. 1363 provides this court pendent jurisdiction over the state law claims which arise from the same nucleus of operative facts.

8. As the events giving rise to plaintiffs' claims all arose in the County of Sullivan, New York, this Honorable Court has venue over the matter.

## III. FACTUAL ALLEGATIONS

9. On July 10, 2023, between 10 and 11 pm, plaintiffs were shopping for items they needed for their restaurant.

10. After they completed shopping, plaintiffs checked out through an available self-service aisle, tendered cash in the sum of $162.88 covering each item they purchased and received a receipt for their purchases.

11. Plaintiffs proceeded through all points of sale with their bagged items.

12. Without cause or basis, defendant Moorer Jr., an employee of defendant Walmart, stopped plaintiffs, directed plaintiff WD to enter a room and accused him of stealing product from the store.

13. This allegation was categorically false.

14. In fact, plaintiffs had paid for each item with which they sought to depart from the store.

15. Defendant Moorer Jr. did not identify any allegedly stolen item.

16. Defendant Moorer Jr, then called the Sheriff's Department of Sullivan County which

dispatched defendants Meyer, Bitjeman and Kaucz to Walmart.

17. By the time these defendants arrived at the store, defendant Moorer Jr. had not identified any item in plaintiffs' bags which varied from the receipt they had for their purchases.

18. Plaintiff W.D. explained this to the three sheriff's department defendants and explained that he and his wife were being falsely accused and detained.

19. In response, without cause or basis, defendants Meyer, Bitjeman and Kaucz determined to arrest the plaintiffs.

20. As these defendants sought to cuff and detain him, plaintiff W.D. protested that he had done nothing to deserve this treatment.

21. Plaintiff L.D. similarly explained that the two had not stolen anything and had a receipt demonstrating this.

22. Defendants Meyer, Bitjeman, and Kautz had before them each item plaintiffs had just purchased and the receipt they had received from the store.

23. However, defendants Meyer, Bitjeman, and Kautz did not check the items against the receipt and proceed to push plaintiff W.D. to the ground, jumped on his body, obstructed his breathing, causing him to become limp and forcibly cuffed him.

24. Plaintiff W.D. did not resist arrest as he was so manhandled and as his wife protested their innocence of any criminal act.

25. During the physical assault by the three defendants, plaintiff W.D., who is diabetic, could not breathe, stated he could not breathe as L.D. begged the officers to desist from their physical assault upon her husband.

26. At the time the defendants Meyer, Bitjeman and Kautz so aggressed against plaintiff W.D., defendant Moorer Jr. had not prepared any sworn statement providing probable

3

cause or reasonable basis for the arrest of either plaintiff.

27. Six days after plaintiffs were arrested and removed from the scene, defendant Moorer Jr. swore out a materially false statement in which he accused plaintiff W.D. of preventing him from comparing the items plaintiffs had purchased with their receipt.

28. Plaintiff W.D. did not engage in this conduct.

29. In this false statement, defendant Moorer Jr. does not identify a single item which he contends plaintiffs unlawfully took from the store.

30. The People produced no evidence showing that either plaintiff ever committed the crime of petty larceny or any other crime on July 10, 2023.

31. Plaintiffs did not commit any crime permitting defendants Meyer, Bitjeman and Kautz to arrest or seek to arrest either of them.

32. Defendants Meyer, Bitjeman and Kautz had no information which would lead a reasonable police officer to believe that plaintiffs, or either of them, had committed any crime warranting their arrest or detention.

33. The use of force by these defendants against plaintiff W.D. was not objectively reasonable and had no lawful justification.

34. The criminal charges lodged against both plaintiffs, that is for Petit Larceny in violation of NY Penal Law section 155.25 [a Class a Misdemeanor] and resisting arrest [a Class A Misdemeanor] have been dismissed and the criminal prosecutions against both plaintiffs have ended favorably.

35. The prosecution of plaintiffs for the crime of Petit Larceny was caused and triggered by the false claims made by Walmart by and through its agent, defendant Moorer, Jr.

36. The prosecution of plaintiff W.D. for the crime of resisting arrest was initiated by defendant Meyer who prepared a false instrument lodging this charge.

37. To be guilty of resisting arrest, a person must act to intentionally prevent or attempt to prevent a police officer from effecting an authorized arrest.

38. No defendant had any basis to make an authorized arrest of either plaintiff as no probable cause existed to believe either had committed any crime and the evidence demonstrating there was no probable cause was in the presence of each defendant, to wit, the bags containing each item plaintiffs had purchased and the receipt defendant Walmart had provided to plaintiffs following their purchase.

39. Before attempting to arrest plaintiff W.D., none of the defendants determined or sought to ascertain that he or his wife had stolen any property from Walmart, a principal element required to charge a violation of P.L. section 155.25.

40. During the physical assault upon plaintiff W.D., defendant Meyer bit plaintiff on his shoulder.

41. During the physical assault each defendant deputy sheriff injured plaintiff's right hand, arm, and shoulder, causing significant and persistent pain and reduced mobility.

42. Said assault and these consequent injuries have made it more difficult for plaintiff W.D. to work without severe pain as either a chef or in construction, two of his principal sources of income.

43. The treatment defendants accorded plaintiffs embarrassed them as it occurred in the presence of many others and plaintiffs then operated a restaurant in the community.

44. The treatment defendants accorded plaintiffs occurred in the presence of their nine-year-old daughter who was traumatized by the force used against her father and the accusations made against her parents.

45. Plaintiffs are responsible for assisting their nine-year-old daughter overcome the emotional trauma caused by these events.

46. Defendants all acted in concert to effect the arrest of the plaintiffs.

47. Defendant members of the Sheriff's Department routinely cooperate closely with security personnel from Walmart and have effectively and unlawfully delegated, as here, the determination of whether probable cause sufficient to make an arrest exists to untrained security personnel Walmart employs.

48. Such delegation of responsibility is neither legally permitted nor consistent with the duty of sworn members of law enforcement who alone must determine whether probable cause exists before attempting to make any arrest.

49. Both plaintiffs were detained on July 10, 2023, and thereafter falsely imprisoned.

50. As a consequence of the charges lodged against them, each plaintiff has been required to appear in court in the Town of Thompson on numerous occasions, disallowing them from attending to their business.

51. Plaintiffs have suffered both pecuniary loss and emotional distress from the events set forth herein, including the loss of business income and profit from their restaurant due to the notorious actions of defendants against them.

**AS AND FOR A FIRST CAUSE OF ACTION**

52. Plaintiffs incorporate paras. 1-51 as if fully restated herein.

53. By subjecting plaintiff W.D. to excessive force, defendants Meyer, Bitjeman and Kautz violated the Fourth Amendment to the United States Constitution as made actionable against them through 42 U.S.C. Section 1983.

**AS AND FOR A SECOND CAUSE OF ACTION**

54. Plaintiffs incorporate paras. 1-53 as if fully restated herein.

55. By arresting both plaintiffs without probable cause, defendants Meyer, Bitjeman and Kautz violated the Fourth Amendment to the United States Constitution as made

actionable against them through 42 U.S.C. Section 1983.

## AS AND FOR A THIRD CAUSE ACTION

56. Plaintiffs incorporate paras. 1-55 as if fully restated herein.

57. By holding and detaining both plaintiffs without probable cause, defendants Meyer, Bitjeman and Kautz violated the Fourth Amendment to the United States Constitution as made actionable against them through 42 U.S.C. Section 1983.

## AS AND FOR A FOURTH CAUSE OF ACTION

58. Plaintiffs incorporate paras. 1-57 as if fully restated herein.

59. By falsely charging plaintiff W.D. with criminal offenses when he knew there was no probable cause even to arrest him, defendant Meyer maliciously prosecuted plaintiff W.D.

## AS AND FOR A FIFTH CAUSE OF ACTION

60. Plaintiffs incorporate paras. 1-59 as if fully restated herein.

61. By falsely charging plaintiff L.D. with a criminal offense when s/he knew that there was no probable cause even to arrest her, defendant Bitjeman maliciously prosecuted plaintiff L.D.

## AS  FOR A SIXTH CAUSE OF ACTION

62. Plaintiffs incorporate paras. 1-61 as if fully restated herein.

63. By falsely and knowingly instituting and pursuing charges against plaintiffs for Petit Larceny without probable cause or basis, defendants Moorer Jr. and Walmart, his employer, maliciously prosecuted  plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Honorable court accepts jurisdiction over this matter, empanels a jury to hear and decide all issues within its authority, orders defendants to pay compensatory and punitive damages to each plaintiff

7

and the attorneys' fees and costs plaintiffs reasonably incur in the litigation of this

action and enters any further orders the interests of law and equity require.


Respectfully submitted,

Michael H. Sussman  [3497]

SUSSMAN & GOLDMAN
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

Counsel for Plaintiffs

Dated:  April 18, 2024